UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| v.            ) | **CRIMINAL NO. 2:15-CR-10-DBH-02** |
| ) | |
| **TROY JONES,**       ) | |
| ) | |
| **DEFENDANT**   ) | |

**FINDINGS AFFECTING SENTENCING**

On January 19, 2016 the defendant Troy Jones pleaded guilty to knowingly and intentionally conspiring to distribute and possess with intent to distribute controlled substances containing cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846. On June 30, 2016, I held a hearing to determine whether Jones qualifies as a "career offender" under the United States Sentencing Guidelines:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a). It is undisputed that Jones meets the first two criteria and, on the third, that he has at least one prior felony conviction for a controlled substance offense. Revised Presentence Investigation Report ("PSR") at ¶ 27. It is the second qualifying prior felony conviction that is disputed. Jones has a New York State youthful offender adjudication for a

controlled substance violation reflected in ¶ 26 of the PSR. If that qualifies as an "adult conviction," then Jones is a career offender. Jones argues that the youthful offender adjudication in ¶ 26 does not constitute a "conviction" at all. Def.'s Sentencing Mem. at 2-5 (ECF No. 154). In the alternative, he argued at the hearing that even if it constitutes a "conviction," it cannot be counted as an "adult" conviction. The government disagrees. Gov't's Sentencing Mem. at 1-2 (ECF No. 155).

"When the government seeks to prove a predicate offense for sentencing purposes, it has an initial burden of establishing the existence of the conviction." United States v. Cordero, 42 F.3d 697, 701 (1st Cir. 1994). Because at the hearing the only evidence on ¶ 26 was police reports (which the government had) and two later New York state presentence reports (which the Probation Office had),[1] I granted the government's request—over the defendant's objection—for a two-week extension to obtain more documentation relating to this offense. Now the government has filed on ECF (under seal because of New York state court sealing orders) what it says are certified court records from the Supreme Court of the State of New York, Queens County. (ECF No. 160). These include the Information in the case, which reveals that the crime in question was "criminal sale of a controlled substance in the fifth degree," and that Jones committed the offense on December 1, 2005. Since Jones's date of birth is July 22, 1987, PSR at 3, he was 18 when he committed the offense. The State Court Certificate of

---

[1] The first New York presentence report was drafted in preparation for sentencing the defendant's career offender predicate felony offense located at ¶ 27 that is not being challenged. The second New York presentence report was drafted in preparation for sentencing the defendant on a misdemeanor conviction located at ¶ 28.

Disposition reveals that on July 10, 2006, Jones "was adjudicated to be a youthful offender and was sentenced for "criminal sale of a controlled substance 5th degree PL 220.31 00 DF (cocaine)" to one year in prison and one year of post-release parole supervision. The Certificate also states: "A youthful offender adjudication is not a judgment of conviction for a crime or any other offense . . . ." For purposes of this ruling, I assume that the government will successfully admit into evidence at sentencing certified copies of the documents it has filed on ECF.

"[First Circuit] case law holds that 'for purposes of the career offender provisions, whether or not a state disposition constitutes a 'conviction' is determined by reference to federal law and the Guidelines,' not state law." United States v. Curet, 670 F.3d 296, 305 (1st Cir. 2012) (quoting United States v. Lindia, 82 F.3d 1154, 1163 (1st Cir. 1996). Thus, the statement in the New York Certificate of Disposition does not determine whether Jones's 2006 adjudication was a "conviction." Commenting on its previous decision in United States v. McGhee, 651 F.3d 153 (1st Cir. 2011), the Curet court stated: "In McGhee, there was no dispute about whether the youthful offender adjudication was a conviction; the dispute focused on whether it was an *adult* conviction. McGhee accordingly held that state law is relevant to determining whether a conviction is an *adult* conviction, not whether it is a conviction." Curet, 670 F.3d at 305-06 (emphasis in original).

According to the First Circuit, what the federal Guidelines require is a "guilt-establishing event" for determining whether there was a "countable conviction" for career offender purposes. See United States v. Pierce, 60 F.3d

3

886, 892 (1st Cir. 1995) ("Thus, there is a textual basis in the career offender guidelines for concluding that a guilt-establishing event (such as a plea where a defendant states that he does not wish to contest the charges), and not the formal entry of an adjudicatory judgment, determines whether and when there has been a countable 'conviction.'"). Under New York law, a youthful offender adjudication occurs only after a defendant has been found guilty of a felony. If the state judge after receiving a presentence report decides to proceed to a youthful offender adjudication, the judge vacates the conviction and then imposes the youthful offender adjudication.[2] N.Y. Crim. Proc. Law § 720.20(3). I conclude that Jones was convicted (there is no dispute that it was a felony charge[3]) of a controlled substance offense that he committed after he turned eighteen.

My analysis does not end there. As McGhee teaches, I must also determine whether Jones's youthful offender adjudication can be "classified" as an "adult" conviction. 651 F.3d at 158. The penultimate sentence of application note 1 of Guidelines § 4B1.2, addressing whether a conviction should be classified as an "adult" conviction, instructs: "A conviction for an offense committed at age eighteen or older is an adult conviction." The instruction is unambiguous. Here,

---

[2] "'Youthful offender finding' means a finding, substituted for the conviction of an eligible youth, pursuant to a determination that the eligible youth is a youthful offender." N.Y. Crim. Proc. Law § 720.10(4). "Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." Id. § 720.20(1). "Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding." Id. § 720.20(3).

[3] The New York statute for which the defendant was convicted, N.Y. Penal Law § 220.31, is categorized by New York as a class D felony. Class D felonies in New York are punishable by up to seven years imprisonment. Id. at § 70.00(2)(d). This penalty fits within the Guidelines definition of a felony for purposes of § 4A1.2: "[A]ny federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed."

the government has evidence demonstrating that Jones was eighteen at the time he committed the offense, and I have concluded above that Jones was "convicted." I therefore do not look to New York state law on how it treats youthful offenders. Cf. Curet, 670 F.3d at 305 ("The [quoted sentence] . . . provides that '[a] conviction for an offense committed at age eighteen or older is an adult conviction,' with no reference to state law."). Because the Guidelines require me to treat a defendant age eighteen at the time the offense was committed as an adult, Jones's youthful offender adjudication in New York qualifies as a predicate career offender conviction,[4] and he is a career offender.

The case manager shall schedule a final sentencing date.

**SO ORDERED.**

**DATED THIS 13TH DAY OF JULY, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] If Jones had been 17 at the time he committed the offense, the analysis would be different. The next sentence of the application note states: "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1. Under McGhee's analysis, I might well conclude that the New York youthful offender adjudication was not an "adult" conviction, despite other Circuit precedents that say it is. See, e.g., United States v. Miller, 562 F. App'x 272, 308 (6th Cir. 2014); United States v. Francis, 480 F. App'x 8, 2 (2d Cir. 2012); United States v. Wallace, 663 F.3d 177, 181 (3d Cir. 2011).

5